UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Montrell Moore,

    Petitioner,

v.                                                          Civil Case No. 08-20516
                                                          Criminal Case No. 10-13915

United States of America,

                                                          Honorable Sean F. Cox

    Respondent.
_____/

## OPINION & ORDER
## GRANTING IN PART AND DENYING IN PART
## THE GOVERNMENT'S MOTION TO DISMISS § 2255 MOTION

Acing *pro se,* Petitioner Montrell Moore ("Moore") filed a Motion to Vacate Sentence, pursuant to 28 U.S.C. § 2255. Moore's § 2255 Motion sets forth 3 different claims. This matter is currently before the Court on the Government's Motion to Dismiss Moore's § 2255 Motion, based on a waiver contained in the Rule 11 Plea Agreement that Moore executed.

For the reasons set forth below, the Court shall GRANT THE MOTION IN PART AND DENY THE MOTION IN PART. The Court shall GRANT the Government's Motion to Dismiss to the extent that the Court concludes that the third claim set forth in Moore's § 2255 Motion is barred by the waiver and must be dismissed. The Government's Motion to Dismiss shall be DENIED in all other respects and the Court shall order the Government to file a response addressing the merits of Moore's first and second claims.

### BACKGROUND

In this action, Moore was charged in a one-count indictment with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).

Pursuant to a Rule 11 Plea Agreement, Moore pleaded guilty to Count One of the Indictment. (Docket Entry No. 11, Rule 11 Plea Agreement). That Rule 11 Agreement provides, at paragraph 6, as follows:

> 6.   APPEAL WAIVER
>
> If the sentence imposed does not exceed the maximum allowed by Part 3 of this agreement, defendant waives any right he/she has to appeal his/her conviction or sentence. If the sentence imposed is within the guidelines range determined by Paragraph 2B, the government agrees not to appeal the sentence, but retains its right to appeal any sentence below that range. *Defendant understands that defendants generally have the right collaterally to attack their convictions and sentences by filing post-conviction motions, petitions, or independent civil actions. As part of this agreement, however, defendant knowingly and voluntarily waives that right and agrees not to contest his/her conviction or sentence in any post-conviction proceeding, including – but not limited to – any proceeding under 28 U.S.C. § 2255.*

(Rule 11 Agreement at ¶ 6) (emphasis added). In addition, page 7 of the Rule 11 Agreement states the following above Moore's signature:

> By signing below, defendant acknowledges that he/she has read (or been read) this entire document, understands it, and agrees to its terms. He/She also acknowledges that he/she is satisfied with his/her attorney's advice and representation. Defendant agrees that he/she has had a full and complete opportunity to confer with his/her lawyer, and has had all of his/her questions answered by his/her lawyer.

(*Id*. at 7).

Moore pleaded guilty to Count One of the Indictment before this Court on November 7, 2008. (*See* Docket Entry No. 16, Transcript of Plea Hrg.). At that time, Moore acknowledged that he had reviewed all of the provisions of the Rule 11 Agreement with his attorney and that he had no questions regarding the Rule 11 Agreement. Moore stated on the record that he was satisfied with his counsel's advice and representation. Moore also acknowledged that he was

giving up his right to appeal and his right to collaterally attack his conviction, and that he was doing so freely and voluntarily. (*Id*.). This Court accepted Moore's guilty plea on November 7, 2008, and took the Plea Agreement under advisement.

On March 20, 2009, this Court accepted the Plea Agreement and sentenced Petitioner to a term of 85 months imprisonment. Judgment was entered on April 1, 2009. (Docket Entry No. 13).

Petitioner filed a direct appeal and the Government moved to dismiss the appeal based on the waiver contained in Moore's Rule 11 Agreement. The Sixth Circuit granted the Government's motion and dismissed Moore's appeal. In doing so, the Sixth Circuit noted that Moore "has not asserted that his guilty plea and his waiver of appellate rights were not knowing and voluntary."

On September 30, 2010, Moore filed a *pro se* Motion to Vacate Sentence Under 28 U.S.C. § 2255, wherein he asserts the following 3 claims:

1) "Counsel was ineffective where counsel, in pursuading [sic] Petitioner to plead guilty misinformed the petitioner where counsel informed him that he would only be pleading to count one of the indictment and would not be held accountable for any relevant conduct or uncharged conduct."

2) "Counsel was ineffective where counsel failed to explain the factual particulars of the plea-agreement and the existing waiver of rights provisions in which petitioner unknowingly and un-intelligently, and involuntarily waived his rights to collaterally attack his sentence and conviction."

3) "Counsel was ineffective where counsel coerced petitioner to withdrawl [sic] his objections to the PSIR by informing petitioner that he would raise the issues of the enahmcements [sic] on direct appeal stating to petitioner that the court would accept the findings of the Probation Department."

(Docket Entry No. 22 at 4).

On November 22 2010, the Government filed a Motion to Dismiss Moore's § 2255 motion, based on the waiver in his Rule 11 Agreement. (Docket Entry No. 25). The Government contends that this Court must dismiss Petitioner's § 2255 motion under *Watson v. United States*, 165 F.3d 486 (6th Cir. 1999); *Davila v. United States,* 258 F.3d 448 (6th Cir. 2001); and *In Re Acosta*, 480 F.3d 421 (6th Cir. 2007), because Petitioner waived his right to collaterally attack his conviction and sentence in the plea agreement he executed. The Government's motion also states that if this Court concludes that Moore did not waive his right to assert the claims in his § 2255 motion, "the government requests that the Court allow additional time for the government to file a substantive response to petitioner's claims." (*Id*. at 9).

Moore did not file any response to the Government's Motion to Dismiss.

## ANALYSIS

"A defendant may waive any right in a plea agreement, including a constitutional right, if the waiver is made knowingly and voluntarily." *United States v. Fleming*, 239 F.3d 761, 763-64 (6th Cir. 2001). The Sixth Circuit has held that a defendant's informed and voluntary waiver of the right to collaterally attack a conviction and sentence is generally enforceable. *In Re Acosta*, 480 F.3d at 422. Waiver of collateral attack may be unenforceable, however, "in cases where a defendant argues that his plea was not knowing or voluntary, or was the product of ineffective assistance of counsel" because, as explained by the Sixth Circuit:

> [I]t would be entirely circular for the government to argue that the defendant has waived his right to an appeal or a collateral attack when the substance of his claim challenges the very validity of the waiver itself.

*Id*.

Here, Moore's § 2255 Motion asserts the following 3 claims:

4

1)   "Counsel was ineffective where counsel, in pursuading [sic] Petitioner to plead guilty misinformed the petitioner where counsel informed him that he would only be pleading to count one of the indictment and would not be held accountable for any relevant conduct or uncharged conduct."

2)   "Counsel was ineffective where counsel failed to explain the factual particulars of the plea-agreement and the existing waiver of rights provisions in which petitioner unknowingly and un-intelligently, and involuntarily waived his rights to collaterally attack his sentence and conviction."

3)   "Counsel was ineffective where counsel coerced petitioner to withdrawl [sic] his objections to the PSIR by informing petitioner that he would raise the issues of the enahmcements [sic] on direct appeal stating to petitioner that the court would accept the findings of the Probation Department."

(Docket Entry No. 22 at 4).

Moore's third claim does *not* go to the validity of his guilty plea, but rather, contends that he received ineffective assistance of counsel at the sentencing phase. Thus, his third claim is barred by the waiver in the Rule 11 Agreement.

Construing his § 2255 Motion broadly, Moore's first and second claims *do* assert that his plea was not knowing or voluntary, or was the product of ineffective assistance of counsel. Thus, under *In Re Acosta,* Moore is not barred by his waiver from asserting the first or second claims in his pending § 2255 Motion.

## CONCLUSION & ORDER

For the reasons set forth above IT IS ORDERED that the Government's Motion to Dismiss is GRANTED IN PART AND DENIED IN PART.

The Government's Motion to Dismiss is GRANTED to the extent that the Court concludes that the third claim set forth in Moore's § 2255 Motion is barred. Accordingly, Moore's third claim is DISMISSED.

The Government's Motion to Dismiss is DENIED in all other respects.

IT IS FURTHER ORDERED that the Government shall file a response, addressing the merits of Moore's first and second claims set forth in his § 2255 Motion, no later than **March 31, 2011.**

IT IS SO ORDERED.


Dated: February 24, 2011                             S/ Sean F. Cox
                                                     Sean F. Cox
                                                     U. S. District Court Judge


I hereby certify that on February 24, 2011, the foregoing document was served upon counsel of record by electronic means and upon Montrell Moore by First Class Mail at the address below:

Montrell Moore
Terre Haute
Federal Correctional Institution
Inmate Mail/Parcels
P.O. BOX 33
Terre Haute, IN 47808

Dated: February 24, 2011                             S/ Jennifer Hernandez
                                                     Case Manager